Joseph F. NASCIMENTO,
Plaintiff—Appellant,

v.

Patricia COTTER; et al., Defendants—Appellees.

No. 05–15200.

D.C. No. CV–04–00302–JCM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph F. Nascimento, Las Vegas, NV, pro se.

James R. Olson, Thomas D. Dillard, Jr., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Joseph F. Nascimento appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against five Montana Supreme Court Justices and the Clerk of the Montana Supreme Court in connection with his suspension from the practice of law in Montana. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court dismissed Nascimento's complaint for lack of personal jurisdiction, lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine, and improper venue. We agree that general personal jurisdiction is lacking because defendants did not "engage in continuous and systematic general business contacts that approximate physical presence in the forum state," and that specific personal jurisdiction is lacking because defendants did not commit "an intentional act . . . expressly aimed at the forum state . . . causing harm that defendant knows is likely to be suffered in the forum state." *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 801, 803 (9th Cir. 2004) (setting forth the requirements for general and specific personal jurisdiction) (internal quotation marks and citations omitted). Accordingly, we need not, and do not, reach the issues of subject matter jurisdiction or venue.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

